UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| RICHARD SOWAH, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No.: 1:21-CV-218-CEA-SKL |
| v. | ) |
| CO GREENLAW, JOE GUY, MCMINN COUNTY SHERIFF'S OFFICE, CPL. STEWART, CPL. ELLISON, SGT. RUEBUSH, and LT. JASON BAUTSCH, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner housed at the McMinn County Jail, has filed a pro se civil rights action against Defendants for alleged violations of 42 U.S.C. 1983 [Doc. 1], as well as a Motion for Leave to Proceed *in forma pauperis* in this case [Doc. 2]. The Court will address Plaintiff's motion prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the Motion for Leave to Proceed *in forma pauperis* [Doc. 2] and supporting documents [Doc. 5] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this Motion [Doc. 2] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly

income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    SCREENING OF COMPLAINT

### A.    Plaintiff's Allegations

On July 10, 2021, Plaintiff was placed on suicide watch at the McMinn County Jail under a certificate of need ("CON")[1] [Doc. 1 at 7]. Plaintiff was initially placed in a holding cell in the booking area by himself as required due to the CON and his status as a sex offender, but an inmate named Hector, who Plaintiff assumed was having mental issues, was subsequently brought into the booking area and placed in Plaintiff's holding cell per the instructions of Sergeant Ruebush [*Id*. at 7-8]. Plaintiff contends that Hector began calling Plaintiff a "chomo," a shorthand for "child molester," and repeatedly hit Plaintiff in the head and face as soon as officers left the area [*Id*. at 8].

Plaintiff requested to press charges against Hector "to no avail," and his grievance on the matter garnered no response [*Id*. at 2, 8]. Plaintiff maintains that the placement of Hector in his cell violated Sheriff Guy's policy that all sex offenders should be housed separately, and the fact that Plaintiff is a black man and a sex offender recasts Hector's assault of him as a hate crime [*Id*. at 8].

---

[1] Plaintiff does not explain, and the Court is unaware, of what it means to be placed under a certificate of need.

Plaintiff maintains that Sergeant Ruebush "had ill-favored intentions" by placing Hector in his cell [*Id*.]. Plaintiff notes that officers removed Hector and thereafter transferred Plaintiff to an isolation cell but maintains that they did so only after Plaintiff was assaulted [*Id*. at 3, 8-9].

Plaintiff has not identified any relief sought as a result of the alleged violations of his constitutional rights [*Id*. at 5].

### B. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

C.     Analysis

Preliminarily, the Court finds that Plaintiff has not presented any authority for his assertion that Hector's alleged assault of him constitutes a hate crime that Defendants were required to pursue, or that he is entitled to have Hector prosecuted for a hate crime. In fact, the decision whether to initiate criminal prosecution belongs to prosecutors, and private citizens have no legal interest in the investigation or prosecution of a crime. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute). Therefore, Plaintiff has no constitutionally protected interest in prosecuting his alleged attacker, and his allegation that Defendants have failed to help him do so fails to raise a constitutional claim.[2]

Relatedly, Defendants bear no constitutional liability for failing to respond to Plaintiff's grievances regarding the alleged assault. Inmates have no constitutional right to a grievance procedure, and they therefore have no interest in having any such grievances resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v.*

---

[2] Although Hector is not named as a Defendant, the Court nonetheless notes that he is not a state actor subject to suit for purposes of § 1983. *See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999) ("A § 1983 plaintiff may not sue purely private parties.").

4

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Accordingly, any claim pertaining to Defendants' failure to answer Plaintiff's grievances must be dismissed.

Next, the Court finds that Plaintiff cannot impose constitutional liability on any named Defendant for the alleged failure to properly segregate him per the Sheriff's policy. Allegations of regulatory violations are insufficient to impose liability under § 1983. *See, e.g.*, *Stanley v. Vining*, 602 F. 3d 767, 769 (6th Cir. 2010) (stating that "[i]t has long been established that violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983"). Moreover, to the extent Plaintiff maintains that his rights were violated by the failure to house him away from general population, the Court finds Plaintiff possesses no liberty interest in his housing. *See, e.g., Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances). Accordingly, any such allegations fail to state a cognizable constitutional claim.

The Court now turns to the keystone of Plaintiff's complaint, which is that Defendants failed their duty to protect him from harm. Plaintiff purports to raise his claims under the Eighth Amendment [Doc. 1 p. 8]. However, the Eighth Amendment's guarantee against cruel and unusual punishment applies to convicted prisoners, while the Fourteenth Amendment's Due Process Clause guarantees the rights of pretrial detainees to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Because Plaintiff maintains that he was assaulted after being booked into the McMinn County Jail, the Court assumes from PLRA screening purposes that Plaintiff was a detainee, rather than a convicted prisoner, at the time of the alleged attack.

Prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).

5

Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials acted with deliberate indifference to the inmate's safety. *Id*. at 834. Historically, detainee and prisoner claims analyzed the deliberate indifference standard "under the same rubric." *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), however, the Supreme Court eliminated the subjective intent element of a detainee's claim of deliberate indifference in the context of excessive force, holding that the relevant inquiry is whether the force used purposely used was objectively unreasonable. *Id*. at 576 U.S. at 397-98. While *Kinglsey* did not address whether an objective deliberate indifference standard applied in other pretrial detainee's claims, the Sixth Circuit recently joined several other circuits in determining "that *Kinglsey* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees." *Brawner v. Scott Cnty.*, 2021 WL 4304754, at *7 (6th Cir. Sept. 22, 2021). In the failure-to-protect context, this the objective inquiry turns on whether there was "a substantial risk of serious harm to the plaintiff that could have been eliminated through reasonable and available measures that the officer did not take, thus causing the injury that the plaintiff suffered[.]" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). This standard requires the detainee to prove that the Defendant acted intentionally with "more than negligence but less than subjective intent — something akin to reckless disregard." *Id*. at 1071. It is a "knew or should have known" civil standard of liability. *See Brawner*, 2021 WL 4304754, at *7 (citing cases adopting civil recklessness standard).

With these principles in mind, the Court finds that Plaintiff cannot sustain this claim against the McMinn County Sheriff's Office, as it is not a "person" for purposes of § 1983. *See, e.g.*, *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]"); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at

6

*1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

A county, however, may be liable under § 1983 for injuries sustained as a result of an unconstitutional policy or custom of the county. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Here, however, Plaintiff does not identify any policy or custom of McMinn County that caused the alleged assault against him. Accordingly, he has failed to state a cognizable claim against McMinn County or its entities.

In order to state a failure-to-protect claim against any of the remaining individual Defendants, Plaintiff must set forth sufficient facts to allow the Court to infer that each named Defendant was personally involved in the alleged violation of Plaintiff's rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Constitutional liability does not attach to a supervisor or superior based solely on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The Sixth Circuit has held:

> At minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. The supervisor need not have known of the substantial

7

> risk to the injured party but rather must have possessed knowledge of potential danger to a particular class of persons.

*Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487-88 (6th Cir. 2020) (internal quotation marks and citations omitted).  Here, Plaintiff sets forth no facts implicating Defendants Greenlaw, Bautsch, Ellison, Guy, or Stewart in the decision to place Hector in Plaintiff's holding cell.  Therefore, he has failed to allege facts that would allow the Court to infer any plausible claim against these Defendants.

Plaintiff does maintain that Officer Ruebush intentionally ordered Hector placed in Plaintiff's cell.  Plaintiff's cursory allegation that Ruebush "had ill-favored intentions" in ordering Hector placed in the cell fails to raise a right to relief above a speculative level, and therefore, this allegation fails to state a constitutional claim.  *See Twombly*, 550 U.S. at 555, 570.  Additionally, Plaintiff has not set forth any facts from which a reasonable officer would have known or should have known that temporarily housing Hector in a holding cell with Plaintiff during the booking process subjected Plaintiff to an obvious risk of harm.  For instance, Plaintiff does not allege that Hector behaved erratically or threateningly before he was placed in the holding cell with Plaintiff so as to alert Defendants of any risk to Plaintiff, that Defendants were aware that Hector knew Plaintiff was a sex offender, that there were other cells or holding areas available that could have mitigated any potential risk to Plaintiff, or that any Defendant failed to intervene or encouraged others not to intervene once Hector allegedly struck Plaintiff.  Therefore, the Court finds that Plaintiff has failed to state a cognizable failure-to-protect claim against any named Defendant.

Finally, while Plaintiff maintains that he was "beaten," he does not describe any particular injury from the alleged attack so as to permit recovery for damages.  Although Plaintiff does not expressly seek monetary relief in his complaint, the Court nonetheless notes that the absence of any physical injury to Plaintiff would prohibit him from recovering damages for mental or

emotional injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**